UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Vernon L. Blanding, # 6758,<br><br>　　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>Lexington County Detention Center, and<br>Nurse Webb,<br><br>　　　　　　　　　　　Defendants. | ) C/A No. 5:13-1102-TMC-KDW<br>)<br>)<br>)<br>) REPORT AND RECOMMENDATION<br>)<br>)<br>)<br>)<br>) |

　　　　This is a civil action filed pro se by a detention center detainee.  Pursuant to 28 U.S.C. §636(b)(1), and District of South Carolina Local Civil Rule 73.02(B)(2)(e), this magistrate judge is authorized to review all pretrial matters in such pro se cases and to submit findings and recommendations to the district court.  *See* 28 U.S.C. § § 1915(e); 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

**BACKGROUND**

　　　　Vernon L. Blanding ("Plaintiff"), a Lexington County Detention Center ("LCDC") detainee, seeks compensation because the nurses at LCDC used a blood pressure machine incorrectly several times. Compl. 3-4, ECF No. 1. He asserts that all but one of the nurses refused to listen to his instructions regarding the proper way to take his blood pressure with the machine. *Id.* at 3. Plaintiff states the nurses became irrate, which agitated his weak heart. *Id.* Plaintiff indicates he was "constantly having chest pains because of the lack of professionalism [of the LCDC medical staff]." *Id.* Plaintiff  also alleges that he missed his medication one day because of a change in the pill handout routine. *Id.* at 4. He states that when he received the medication later that same day, he learned that Nurse Webb had improperly documented his medical record to show he had already

received his medication. *Id.*

## INITIAL REVIEW

Under established local procedure in this judicial district, the court has carefully reviewed Plaintiff's pro se Complaint. This review has been conducted pursuant to the procedural provisions of 28 U.S.C. § § 1915, 1915A, and the Prison Litigation Reform Act of 1996 (PLRA), and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden*, *Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (en banc); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979).

Pro se complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007). When a federal court is evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *De'Lonta v. Angelone*, 330 F. 3d 630, 630 n.1 (4th Cir. 2003). Even under this less stringent standard, the Complaint filed in this case is subject to summary dismissal under the provisions of 28 U.S.C. § 1915(e)(2)(B), which requires the court to dismiss a case in which a litigant seeks to proceed *in forma pauperis* at any time it determines the action fails to state a claim on which relief may be granted. *See also Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (noting requirement of liberal construction does not mean court can ignore a clear failure in the pleading to allege facts that set forth a claim cognizable in a federal district court).

**DISCUSSION**

Initially, the Complaint in this case should be summarily dismissed insofar as it names "Lexington County Detention Center" as a Defendant. In order to state a claim for relief under 42 U.S.C. § 1983,[1] an aggrieved party must sufficiently allege that he or she was injured by "the deprivation of any [of his or her] rights, privileges, or immunities secured by the [United States] Constitution and laws" by a "person" acting "under color of state law." *See* 42 U.S.C. § 1983; *see generally* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1230 (2002). It is well settled that only "persons" may act under color of state law; therefore, a defendant in a § 1983 action must qualify as a "person."

For example, several courts have held that inanimate objects such as buildings, facilities, and grounds do not act under color of state law. *See Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D. Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989)("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit.").

LCDC is an inanimate object: a building or group of buildings. It is not a "person." *Preval*, 57 F. Supp. 2d at 310. Because LCDC is not a person, and because the face of the pleading does not disclose any other potential federal claim (except one for possible medical indifference that

---

[1] Plaintiff's Complaint alleging medical problems in a county detention center is properly before this court pursuant to 42 U.S.C. § 1983. Section 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by persons acting under color of state law. The purpose of § 1983 is to deter state actors from using badge of their authority to deprive individuals of their *federally guaranteed* rights and to provide relief to victims if such deterrence fails.

necessarily falls under § 1983), the Complaint should be dismissed as to that "non-person" Defendant, leaving only one potentially liable Defendant: Nurse Webb.

Insofar as the Complaint may be liberally construed as one attempting to state a viable Eighth Amendment-based § 1983 claim against Nurse Webb for medical indifference, it should be summarily dismissed for failure to state a claim upon which relief may be granted. Correctional systems, including local detention centers, are required to provide medical care to inmates. *Helling v. McKinney*, 509 U.S. 25 (1993). The *Helling* Court stated as follows:

> [W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well being. . . .  The rationale for this principle is simple enough: when the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs – e.g., food, clothing, shelter, medical care, and reasonable safety – it transgresses the substantive limits on state action set by the Eighth Amendment[.]

509 U.S. at 32 (quoting *DeShaney v. Winnebago Cnty. Dept. of Social Servs.*, 489 U.S. 189, 199-200 (1989); *see also Belcher v. Oliver*, 898 F.2d 32 (4th Cir. 1990).

With respect to medical care, a prisoner seeking compensation in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence *deliberate indifference to serious medical needs*." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (emphasis added). In *Estelle*, the prisoner contended that other examinations should have been conducted by the prison's medical staff and that X-rays should have been taken that were not. The Supreme Court pointed out that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." *Estelle*, 429 U.S. at 105. "Although the Constitution does require that prisoners be provided with a certain *minimum level of medical treatment*, it does not guarantee to a prisoner the treatment of his choice." *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir. 1988) (emphasis added). Although the provision of medical care by

4

prison or jail officials is not discretionary, the type and amount of medical treatment is discretionary, provided it meets established standards. *Brown v. Thompson*, 868 F. Supp. 326 (S.D. Ga. 1994) (collecting cases).

Under *Estelle*, Nurse Webb's failure to properly utilize a blood pressure machine and failure to properly note the precise time and location of Plaintiff's receipt of his medication on one occasion do not rise to the level of compensable constitutional violations because indifference is not shown under the facts alleged. *Estelle*, 429 U.S. at 105. Though Webb's actions arguably could be said to constitute medical negligence or even possible malpractice, they are not the type of actions or inactions that could be said to constitute medical indifference. In *Lamb v. Maschner*, 633 F. Supp. 351 (D. Kan. 1986), the district court ruled that the proper inquiry for indifference is whether the prison or jail provided *any* treatment, and that the plaintiff's agreement or disagreement with the nature and extent of treatment provided is irrelevant:

> Even though plaintiff and defendants have a differing opinion as to the proper treatment to be received by plaintiff, this does not in and of itself state a constitutional violation. *See Smart v. Villar*, 547 F.2d 112 (10th Cir. 1976). Therefore, the key question in this case is whether the defendants have provided plaintiff with some kind of treatment, regardless of whether it is what plaintiff desires.

*Lamb*, 633 F. Supp. at 353; *see Walker v. Peters*, 863 F. Supp. 671, 674 (N.D. Ill. 1994) (noting that, under *Farmer v. Brennan*, "mere disagreements between doctor and patient about the course of treatment do not reflect 'deliberate indifference' on the part of the former, although if the patient is right he or she might have a common law (not a constitutional) claim for medical malpractice."). For a claimant to prevail on such a § 1983 medical claim, "the need must be both apparent and serious, and the denial of attention must be both deliberate and without legitimate penological objective." *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999). "Deliberate indifference is a very high

standard—a showing of mere negligence will not meet it." *Id*. at 695.

In this case, Plaintiff's allegations show that the LCDC medical staff are providing Plaintiff with considerable medical care for the medical problems that he claims to be having. Although Plaintiff thinks they are not doing it professionally enough, that does not show a constitutional violation.

It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle*, 429 U.S. at 106. Negligence, in general, is not actionable under 42 U.S.C. § 1983. *Daniels v. Williams*, 474 U.S. 327, 328-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 345-48 (1986); *Ruefly v. Landon*, 825 F.2d 792, 793-94 (4th Cir. 1987); *see Pink v. Lester*, 52 F.3d 73 (4th Cir. 1995) (applying *Daniels* and *Ruefly* : "The district court properly held that *Daniels* bars an action under § 1983 for negligent conduct[.]").  Also, 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. *See, e.g.*, *Brooks v. Celeste*, 39 F.3d 125 (6th Cir. 1994) (Although several courts prior to the Supreme Court's decision in *Farmer v. Brennan* held that "repeated acts of negligence could by themselves constitute deliberate indifference, *Farmer* teaches otherwise."); *Sellers v. Henman*, 41 F.3d 1100 (7th Cir. 1994) ("If act A committed by the X prison shows negligence but not deliberate indifference, and B the same, and likewise C, the prison is not guilty of deliberate indifference."); *White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990). As stated previously, even very liberally construed, the most that can be said of Plaintiff's Complaint allegations is that they show possible negligence on the part of the LCDC medical staff. There is no indication that another basis for subject-matter jurisdiction exists. Plaintiff cannot pursue these negligence-based claims against Nurse Webb pursuant to § 1983.

## **RECOMMENDATION**

Accordingly, it is recommended that the district court dismiss the Complaint in this case *without prejudice*. *See Denton v. Hernandez*; *Neitzke v. Williams; Haines v. Kerner; Brown v. Briscoe*, 998 F.2d 201, 202-04 (4th Cir. 1993); *Boyce v. Alizaduh; Todd v. Baskerville*, 712 F.2d at 74; *see also* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

IT IS SO RECOMMENDED.

July 3, 2013  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

7

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).